IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RANDOLPH FULCHER,<br><br>Defendant. | Case No. 11-cr-00280-CW<br><br>**ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>(Re: Dkt. No. 34) |

Now before the Court is Defendant Randolph Fulcher's motion for early termination of his term of supervised release. The deadline for the government to file an opposition was March 23, 2023. As of the date of this order, the government has not filed an opposition. For the reasons set forth below, the Court GRANTS the motion.

I.  **BACKGROUND**

On August 10, 2011, Fulcher pleaded guilty, pursuant to a plea agreement, to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). *See* Docket Nos. 25, 26. On October 26, 2011, the Court sentenced Fulcher to fifty-one months in custody, to be followed by ten years of supervised release. Docket Nos. 31, 32. Fulcher's ten-year term of supervised release began on April 20, 2015, and it is set to expire on April 19, 2025. *See* Probation Report at 2, Docket No. 36. Fulcher has completed almost eight years of his ten-year term of supervised release.

On March 1, 2023, Fulcher filed the present motion for early termination of his ten-year term of supervised release. Docket No. 34. Thereafter, on March 16, 2023, the Probation Office filed a report at the Court's request. It provides:

> Defense counsel accurately depicted Mr. Fulcher's successful progress while on supervision. Further, this client meets the Probation Office's general criteria for early termination in that he has integrated into the community, met supervision objectives, and is in compliance with the conditions of release. Mr. Fulcher has no history of violence and there is no known risk to the safety of an identifiable victim. Mr. Fulcher's Post-Conviction Risk Assessment classified the client's supervision level as Low and his violence category as a "1." Individuals in this category have a 6% arrest rate and a 3% revocation rate in the next 12 months. Mr. Fulcher also does not have any dynamic risk factors that the Probation Office currently needs to address. According to the Sex Offender Treatment Intervention and Progress Scale (SOTIPS), there are no identified stable dynamic risk factors which sex offense specific treatment would be able to mitigate in order to further reduce Mr. Fulcher's risk of sexual recidivism. . . . Based on the current assessment tools and the lack of identified dynamic risk factors, no further interventions appear necessary at this time. Our office defers to Your Honor as to the decision regarding an early termination of supervision.

Probation Report at 2-3, Docket No. 36.

Pursuant to a briefing schedule set by the Court, the government's opposition to Fulcher's motion was due within seven days of the date Probation filed its report, which was March 23, 2023. *See* Docket No. 35. As noted, the government has not filed an opposition as of the date of this order.

II.     **LEGAL STANDARD**

After considering the relevant 18 U.S.C. § 3553 factors, a court may terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. *See* 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

The relevant § 3553 factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (3) the need for the sentence imposed to protect the public from further crimes of the defendant; (4) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kind of sentence and the sentencing range established for the offense committed; (6) any pertinent policy statement; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e)(1).

### III.     DISCUSSION

Fulcher moves to terminate his ten-year term of supervised release on the grounds that (1) he has been on supervised release for nearly eight years and has never violated the terms of his supervised release; (2) he has accepted responsibility for his conduct and does not pose a threat to public safety; (3) he has completed the sex offender treatment program that was a special condition of his supervised release, as well as sixty-six hours of community service and a forty-hour course on anger management that were not required by the terms of his supervised release; (4) he has had stable employment and housing; and (5) terminating his term of supervised release early would allow him to accept an offer of employment that would be more lucrative and rewarding.

The Court finds that the approximately two years that remain of Fulcher's ten-year term of supervised release are not necessary to protect the public or to ensure that he continues on his path to rehabilitation. It is undisputed that Fulcher has complied with the conditions of his supervised release for approximately eight years without incident, and that he successfully completed the required sex offender treatment program and performed additional rehabilitative work that was not required under the terms of his supervised release. Further, Probation reports that Fulcher has integrated into the community, has met supervision objectives, and does not require further interventions to reduce his risk of recidivism. All of this weighs in favor of granting Fulcher's

motion. Additionally, the Court finds that requiring Fulcher to serve the remaining two years of his term of supervised release would not serve the interest of justice in light of his good conduct while on supervised release and the fact that continuing to be on supervised release would preclude him from accepting better employment opportunities. Accordingly, the Court concludes that the relevant § 3553 factors and the interest of justice weigh in favor of granting Fulcher's motion.

## IV. CONCLUSION

The Court GRANTS Fulcher's motion for early termination of his term of supervised release. Fulcher's term of supervised release shall be deemed terminated as of the filing of this order.

IT IS SO ORDERED.

Dated: March 27, 2023

CLAUDIA WILKEN
United States District Judge